Todd R. Johnston, OSB 992913
tjohnston@hershnerhunter.com
Hershner Hunter, LLP
180 E. 11th Avenue
P.O. Box 1475
Eugene, OR 97440-1475
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**; | Case No. 6:15-cv-02349-AA |
| Plaintiff, | Defendant BJB Milling & Lumber, LLC's |
| v. | ANSWER |
| **BJB MILLING & LUMBER, LLC**; | |
| Defendant. | |

Defendant BJB Milling & Lumber, LLC ("BJB Milling") answers Plaintiff's Complaint as follows:

1.      In answer to paragraph 1, BJB Milling admits that Plaintiff purports to bring a citizen suit under Section 505 of the Clean Water Act (the "CWA") and that Plaintiff seeks declaratory relief, injunctive relief, the imposition of civil penalties, and an award of costs, including attorneys' and expert witness fees. BJB Milling denies repeated and ongoing violations of the terms and conditions of its National Pollutant Discharge Elimination System ("NPDES")

permit, which regulates the discharge of certain pollutants to waters of the United States.  BJB Milling denies any remaining allegations.

      2.      In answer to paragraph 2, BJB Milling admits that Plaintiff alleges it is in violation of the terms and conditions of its NPDES permit, issued under Section 402 of the CWA, and that the Court has subject matter jurisdiction at least as related to some of Plaintiff's allegations.  No response is required to the remaining allegations because they are legal conclusions.  To the extent any response is appropriate, BJB Milling denies the remaining allegations.

      3.      In answer to paragraph 3, BJB Milling admits that Plaintiff sent it a letter dated September 24, 2015, notifying it of alleged violations of its NPDES permit and the CWA and of Plaintiff's intent to sue for those violations, and that BJB Milling received the letter on October 9, 2015 ("Notice").  BJB Milling lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

      4.      In answer to paragraph 4, BJB Milling admits that the Complaint was filed more than 60 days after the Notice was mailed.  BJB lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

      5.      BJB Milling denies the allegations in paragraph 5.

      6.      BJB Milling admits the allegations in paragraph 6.

      7.      In answer to paragraph 7, BJB Milling admits that BJB Milling is located in Lane County and that venue is appropriate.  BJB denies any remaining allegations.

      8.      BJB Milling lacks sufficient information to admit or deny the allegations in paragraphs 8 and 9, and it therefore denies the same.

      9.      In answer to paragraph 10, BJB Milling admits certain historic exceedances of the permit's benchmark pollutant discharge levels.  BJB Milling denies that those exceedances are ongoing or consistent, that any of Plaintiff's members have suffered traceable harm, and that the relief sought in this lawsuit can redress any injuries.  BJB Milling lacks sufficient information to admit or deny the remaining allegations in paragraph 10 and therefore denies the same.

10.     In answer to paragraph 11, BJB Milling admits that it filed a Stormwater Pollution Control Plan Revision with Tier II Corrective Action Plan (the "Plan") on or about December 31, 2015.  It denies that it has failed to fulfill other monitoring, recordkeeping, reporting, planning, and other obligations necessary for compliance with its NPDES permit and the CWA and that Plaintiff has suffered traceable harm that can be redressed by the Court.  BJB Milling lacks sufficient information to admit or deny the remaining allegations in paragraph 11 and therefore denies the same.

11.     In answer to paragraph 12, BJB Milling admits that it is an Oregon LLC.

12.     No response is required to paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, or 22 because they allege legal conclusions.  To the extent any response is appropriate, BJB Milling denies the same.

13.     In answer to paragraph 23, BJB Milling admits that the state of Oregon implements an NPDES permit program administered by ODEQ.  BJB Milling lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

14.     In answer to paragraph 24, BJB Milling lacks information sufficient to admit or deny the remaining allegations and therefore denies the same.

15.     In answer to paragraph 25, BJB Milling lacks information sufficient to admit or deny the remaining allegations and therefore denies the same.

16.     In answer to paragraph 26, BJB Milling admits that it has a single catch basin by which stormwater is disposed of.

17.     BJB Milling admits the allegations in paragraph 27.

18.     In answer to paragraph 28, BJB Milling admits that its NPDES permit speaks for itself.

19.     BJB Milling denies the allegations in paragraph 29.

20.     In answer to paragraph 30, BJB Milling admits that its NPDES permit speaks for itself but denies the remaining allegations in paragraph 30.

21.     In answer to paragraph 31, BJB Milling admits that the NPDES permit speaks for itself.

22.     In answer to paragraph 32, BJB Milling admits certain historic exceedances of the permit's benchmark pollutant discharge levels but denies the remaining allegations.

23.     BJB Milling admits paragraph 33.

24.     In answer to paragraph 34, BJB Milling admits certain historic exceedances of its NPDES permit's benchmark pollutant discharge levels but denies the remaining allegations.

25.     In answer to paragraph 35 BJB Milling admits the NPDES permit speaks for itself.

26.     BJB Milling denies paragraph 36.

27.     In answer to paragraph 37, BJB Milling admits certain historic exceedances of its NPDES permit's benchmark pollutant discharge levels but denies the remaining allegations.

28.     In answer to paragraph 38, BJB Milling admits that the NPDES permit speaks for itself and to certain historic exceedances of its NPDES permit's benchmark pollutant discharge levels but denies the remaining allegations.

29.     In answer to paragraph 39, BJB Milling admits that the NPDES permit speaks for itself but denies the remaining allegations.

30.     BJB Milling denies paragraph 40.

31.     In answer to paragraph 41, BJB Milling admits that the NPDES permit speaks for itself and that certain historic permit revision and reporting issues existed but denies the remaining allegations.

32.     In answer to paragraph 42, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

33.     In answer to paragraph 43, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

34.     In answer to paragraph 44, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

35.     In answer to paragraph 45, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

36.     In answer to paragraph 46, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

37.     In answer to paragraph 47, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

38.     BJB Milling denies paragraph 48.

39.     In answer to paragraph 49, BJB Milling admits that certain historic reporting and permit revision issues existed but denies the remaining allegations.

40.     BJB Milling denies the allegations in paragraphs 50, 51, 52, and 53.

41.     BJB Milling answers paragraph 54 as it did above.

42.     BJB Milling denies the allegations in paragraphs 55, 56, and 57.

43.     BJB Milling lacks sufficient information to admit or deny the allegations in paragraph 58 and therefore denies the same.

**For its First Affirmative Defense (Failure to State a Claim)**

44.     Plaintiff's Complaint fails to allege ultimate facts sufficient to state a claim upon which relief may be granted.

**For its Second Affirmative Defense (Wholly Past Violations)**

45.     BJB Milling is not liable for wholly past violations of the permit or the CWA and all of Plaintiff's allegations describe wholly past violations.

For its Third Affirmative Defense (Standing)

46.     Plaintiff lacks standing to bring this action.

For its Fourth Affirmative Defense (Notice)

47.     Plaintiff failed to comply with notice provisions of the CWA.

For its Fifth Affirmative Defense (Subject Matter Jurisdiction)

48.     The Court lacks subject matter jurisdiction regarding any allegations by Plaintiff of wholly past violations.

**Counterclaim (Attorney Fees – 33 USC § 1365(d))**

49.    BJB Milling is entitled to an award of its attorney fees against Plaintiff.

WHEREFORE BJB Milling prays for a judgment declaring that Plaintiff take nothing by way of its complaint and awarding BJB Milling its attorney fees, costs and disbursements, or for such other relief in BJB Milling's favor that the court deems just and proper.

DATED March 21, 2016.

HERSHNER HUNTER, LLP

By  */s/Todd R. Johnston*
Todd R. Johnston, OSB 992913
Telephone: (541) 686-8511
Facsimile: (541) 344-2025
tjohnston@hershnerhunter.com
Of Attorneys for Defendant